JOSEPH D. AYRES *et al.* Appellants, *vs.* THE CITY OF CHI-
CAGO, Appellee.

*Opinion filed February 19, 1909—Rehearing denied April 8, 1909.*

1. AUTOMOBILES—*effect of the Motor Vehicle act of 1907.* The
Motor Vehicle act of 1907 (Laws of 1907, p. 510,) is a regulatory
measure referable to the police power of the State, and its effect is
to abrogate all municipal ordinances designed to regulate the use
of motor vehicles, passed prior to the time the act went into force,
and to deprive municipalities of the power to pass such ordinances
in the future.

2. SAME—*Chicago Wheel Tax ordinance is not in conflict with
section 13 of Motor Vehicle law.* The Chicago Wheel Tax ordi-
nance, passed under the taxing power of the city conferred by the
amendment of December 31, 1907, of clause 96 of section 1 of ar-
ticle 5 of the City and Village act, is a valid revenue measure, and
is not in conflict with the provision of section 13 of the Motor
Vehicle act of 1907 prohibiting the passage of ordinances limiting
or restricting the use of motor vehicles.

3. SAME—*word "license," used in the Chicago Wheel Tax ordi-
nance, means "tax."* The Chicago Wheel Tax ordinance, requir-
ing owners of automobiles to pay a "license" fee to the city as a
condition precedent to using their automobiles on the streets, is
not in conflict with the provisions of section 13 of the Motor Ve-
hicle law providing that owners who have procured a certificate
from the Secretary of State shall not be required to obtain any
other license or permit to use or operate their automobiles, since
the word "license," as used in the ordinance, means "tax," and the
issuing of such "license" is merely giving a receipt for the tax.

4. PLEADING—*what does not show that certain condition existed
when ordinance was passed.* An averment in a bill to enjoin the
enforcement of a wheel tax ordinance, that automobiles with seat
for one person, only, "have been and are now operated on the
streets, avenues and alleys of said city," is not an averment that
such fact existed when the ordinance was passed.

5. CONSTITUTIONAL LAW—*validity of ordinance not affected by
new conditions arising.* If a wheel tax ordinance is not, at the
time it is passed, subject to the objection of discrimination, it can
not be rendered invalid on that ground by the subsequent introduc-
tion of a new class of vehicles which were not included within its
terms; and the presumption must be indulged that there is no arbi-
trary discrimination in selecting the objects of taxation under it.

CARTWRIGHT, C. J., and DUNN, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

WILLIAM H. ARTHUR, and COLSON & JOHNSON, for appellants:

The whole subject of the use, operation and licensing of motor vehicles, such as automobiles, has been expressly regulated by the legislature by an act known as the Motor Vehicle law, in force July 1, 1907. Laws of 1907, p. 510.

The Motor Vehicle law of 1907 expressly provides that no owner of a motor vehicle who has obtained a certificate from the Secretary of State, as provided in said law, shall be required to obtain any other license or permit to use or operate the same, nor shall such owner be excluded or prohibited from using, or limited in the free use of, his motor vehicle upon any public street or public place, or be required to comply with any other provisions or conditions as to the use of such motor vehicle except as in such act provided. Laws of 1907, pp. 510-513.

The legislature of this State having by statute provided for the complete regulation of the use and operation of automobiles, not used for public hire, upon the public streets, etc., of this State, it necessarily follows that the so-called Wheel Tax ordinance passed by the city of Chicago is invalid and of no force and effect, so far as it attempts to prohibit or regulate the use and operation of such automobiles. *Buffalo* v. *Lewis*, 192 N. Y. 193.

It cannot be urged that the amendment to paragraph 96 of section 1 of article 5 of the City and Village act, which went into effect December 31, 1907, authorizing cities to direct, license and control wagons and other vehicles conveying loads within the city, operates as the implied repeal of the Motor Vehicle law, as said amendment and the Motor Vehicle law are not repugnant and can reasonably stand together. *Hunt* v. *Railway Co.* 121 Ill. 638; *People* v.

*Brayton,* 94 id. 341; *Kelly* v. *Raymond,* 186 id. 407; *Gibson* v. *Ackerman,* 70 Ill. App. 399.

Said ordinance is unconstitutional and invalid, in that it requires the owners of automobiles having seats for two or more persons to pay a license fee, while others similarly situated and between whom there is no actual and substantial difference, such as the owners of automobiles with a seat for one person, motorcycles, tricyles, etc., are not required to pay a license. This amounts to an unjust discrimination between persons coming within the same class. *Cairo* v. *Feuchter,* 159 Ill. 155; *Monmouth* v. *Popel,* 183 id. 634.

Where this court, in deciding a question of law, is not referred to and does not discuss a controlling statute, upon having its attention directed to such statute it will modify or overrule its previous decision. *Addyston Pipe Co.* v. *Chicago,* 170 Ill. 580; *Harbert* v. *Mershon,* 169 id. 52.

EMIL C. WETTEN, CLARENCE N. BOORD, EDWIN H. CASSELS, and EDWARD J. BRUNDAGE, Corporation Counsel, for appellee:

Clause 96 of section 1 of article 5 of the City and Village act, properly construed, is not in any sense repugnant to or inconsistent with the Motor Vehicle law. Laws of 1907, (Special Sess.) 36; Laws of 1907, p. 810; *Harder* v. *Chicago,* 235 Ill. 294; *Van Co.* v. *Chicago,* 235 id. 58; *Buffalo* v. *Lewis,* 192 N. Y. 193; Cooley on Taxation, (1st ed.) 396.

However, if the court should consider the two acts to be repugnant to or inconsistent with each other, then so much of the Motor Vehicle law as is inconsistent with or repugnant to clause 96 of section 1 of article 5 of the City and Village act is repealed, by implication, by clause 96, which is the later statute. *Moore* v. *Moss,* 14 Ill. 106; *Sullivan* v. *People,* 15 id. 233; *Korah* v. *Ottawa,* 32 id. 121; *Wilson* v. *Railway Co.* 64 id. 542; *Devine* v. *Cook County Comrs.* 84 id. 590; *Dutton* v. *Aurora,* 114 id. 138; *Kepley*

v. *People,* 123 id. 367; *Culbertson* v. *Fulton,* 127 id.. 30; Potter's Dwarris on Statutes, 155; 26 Am. & Eng. Ency. of Law, (2d ed.) 723; Sutherland on Stat. Const. par. 145.

The Wheel Tax ordinance is constitutional and valid. It does not unjustly discriminate between persons coming within the same class. *Van Co.* v. *Chicago,* 235 Ill. 58;. *Harder* v. *Chicago,* id. 294; Cooley on Taxation, (3d ed.) 76, 254, 255, 262; Gray on Limitations of Taxing Power, sec. 1310; Judson on Taxation, sec. 452.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a bill filed by Joseph D. Ayres and twenty-one other persons, on behalf of themselves and all other persons similarly situated who might desire to join in the bill and pay their proportion of the costs of the litigation, to enjoin the city of Chicago from the enforcement of an ordinance of said city known as the "Wheel Tax ordinance," on the ground that said ordinance. is unconstitutional and void. By their bill complainants represent that they own, use and operate automobiles in the city of Chicago, and that each of complainants is the owner of one or more of such automobiles, ranging in value from $500 to $7500 each, and that each and all of such automobiles have seats for two or more persons, and that none of such automobiles are used within the limits of said city of Chicago, or elsewhere, for public hire. It is charged in the bill that complainants have registered their respective automobiles with the Secretary of State and received from him a certificate in compliance with the Motor Vehicle law, which went into effect July 1, 1907. The bill recites the passage by the city council of the city of Chicago of an ordinance designated as the "Wheel Tax ordinance," by virtue of an amendment to paragraph 96 of section 1, article 5, of the City and Village act, and alleges that the Wheel Tax ordinance is invalid because it is in conflict with section 13 of the Motor Vehicle law, in so far as said ordinance relates to or affects the use and

operation of motor vehicles or automobiles upon the public ways of the State. The complainants also charge that the Wheel Tax ordinance is invalid because it is in violation of the uniformity and equality provisions of the constitution of this State, in that it requires all persons who own automobiles or motor vehicles with seats for two or more persons to pay a license tax, while persons using or operating automobiles with a seat for one person only, motorcycles, tricycles and bicycles are not required, under and by virtue of the provisions of said ordinance, to pay any license or tax as a condition to the operation or use of vehicles of the last mentioned classes, whereby, it is alleged, said ordinance unjustly and illegally discriminates against complainants and all others similarly situated. It is charged in the bill that a large number of such automobiles with a seat for one person only, motorcycles, tricycles and bicycles have been and are now operated on the streets of Chicago, and that many of said automobiles last mentioned are more powerful, heavier, of greater value and do as much or more damage to the pavements of such streets than many of the automobiles with seats for two or more persons. The city of Chicago demurred to said bill, which demurrer was sustained by the circuit court of Cook county, and complainants electing to abide their bill, the same was dismissed for the want of equity and a decree rendered against complainants below for costs. This appeal is prosecuted by complainants below to reverse that decree.

The validity and constitutionality of a municipal ordinance being involved, and the court below having certified that in its opinion the public interests as well as the statute required that an appeal be allowed to this court, complainants were granted an appeal direct to the Supreme Court, in accordance with section 118 of the new Practice act.

Appellants' first contention is, that the Wheel Tax ordinance is invalid in its application to automobiles not used for hire, for the reason that the ordinance is inconsistent

239—16

with section 13 of the Motor Vehicle law. Before coming
to a consideration of section 13 of the Motor Vehicle law
it will enable us to obtain a clearer view of section 13 of
said law to briefly notice the preceding sections of the act.

The title to the act is, "An act defining motor vehicles
and providing for the registration of the same and uniform
rules regulating the use and speed thereof and repealing an
act entitled 'An act to regulate the speed of automobiles and
other horseless conveyances upon the public streets, roads
and highways of the State of Illinois,' approved May 13,
1903, in force July 1, 1903, and to repeal all other acts or
parts of acts inconsistent therewith." Section 1 of said act
defines motor vehicles, as used in the act, to be "automo-
biles, locomobiles, and all other vehicles propelled otherwise
than by muscular power, except motor bicycles, traction en-
gines and road rollers, the cars of electric and steam rail-
ways and other motor vehicles running only upon rails or
tracks," but nothing in the act applies to bicycles or tri-
cycles or other vehicles which are propelled exclusively by
muscular pedal power. Section 2 of the act provides that
the owner of every motor vehicle which shall be driven in
this State, except as otherwise provided in the act, shall,
within ten days after he becomes the owner of such vehicle,
file in the office of the Secretary of State a declaration of
his name and address, with a brief description of the vehicle
to be registered, including the name of the maker, factory
number, style of vehicle and motor power, on a blank to be
prepared and furnished by such Secretary of State for that
purpose, and shall pay a fee of two dollars for each motor
vehicle owned by the person making such declaration. This
section provides, also, that the Secretary of State shall
on such registration, and without further fee, issue to the
owner of such motor vehicle a circular metal seal having
stamped thereon the words, "Registered Motor Vehicle,
No. ....., Ill.—Motor Vehicle Law," on which shall be
stamped the number assigned to the vehicle; and the Sec-

retary of State is required to enter the name of the owner, the number of the vehicle and a brief description of such vehicle in a book to be kept for such purpose in the office of the Secretary of State. Section 3 requires the owner of the vehicle to have the official number of his vehicle conspicuously displayed upon the front and back of the vehicle at all times when the same is being used upon the public ways of this State. Section 4 relates to the character of lamps and the manner of displaying the same upon such vehicles. Section 5 applies to manufacturers and dealers in motor vehicles, and section 6 prohibits the use of fictitious numbers. Section 7 provides for the re-registration when a motor vehicle is transferred or sold from one person to another, other than a dealer. Section 8 exempts non-resident owners of such vehicles, under certain conditions, from the provisions of this act. Section 9 relates to brakes and signal devices required upon such vehicles. Section 10 covers the subject of speed at which such vehicles may be operated in this State. Section 11 prohibits racing such vehicles upon the highways of this State. Section 12 makes it the duty of the owner or driver of such vehicle to bring such vehicle to a stop when it appears that any horse driven or ridden by any person is about to become frightened, and to cause such vehicle to remain stationary until such horse has passed. Section 13 is as follows: "No owner of a motor vehicle who shall have obtained a certificate from the Secretary of State as hereinbefore provided shall be required to obtain any other license or permit to use or operate the same, nor shall such owner be required to display upon his motor vehicle any other number than the number of the registration seal issued by the Secretary of State, or excluded or prohibited from, or limited in the free use of his said motor vehicle or vehicles, nor limited as to speed upon any public street, avenue, road, turnpike, driveway, parkway, or any other public place, at any time when the same is or may hereafter be opened to the use of persons

having or using other vehicles, nor be required to comply
with other provisions or conditions as to the use of said
motor vehicles except as in this act provided: *Provided,
however,* that nothing in this section contained shall be con-
strued to apply to, or include, any speed-way created, pro-
vided for, or maintained by the local authorities of any
city, village, town or other municipal corporation within the
State: *And provided, further,* that the local authorities
having jurisdiction over the public parks and boulevards
connecting or pertaining to the same shall not by the terms
of this act be prohibited from adopting and enforcing such
reasonable ordinances, rules or regulations concerning the
speed at which motor vehicles may be operated within or
upon any such parks, parkways or boulevards, provided the
rate of speed of motor vehicles fixed by such ordinances,
rules or regulations shall not be lower than the rate fixed
for other vehicles and provided such authorities shall, by
signs conspicuously placed, indicate the rate of speed per-
mitted by such ordinances, rules or regulations: *And pro-
vided, further,* that motor vehicles may be excluded from
any cemetery or grounds used for the burial of the dead,
by the authorities having jurisdiction over the same.   Ex-
cept as in this section provided, no city, town or village, or
other municipality, shall have power to make any ordinance,
by-laws or resolution limiting or restricting the use or speed
of motor vehicles, and no ordinance, by-law or resolution
heretofore or hereafter made by any city, village or town,
or other municipal corporation within the State, by what-
ever name known or designated, in respect to or limiting
the use or speed of motor vehicles shall have any force,
effect or validity and they are hereby declared to be of no
validity or effect: *Provided,* that nothing in this act con-
tained shall be construed as affecting the power of munici-
pal corporations to make and enforce ordinances, rules and
regulations affecting motor vehicles which are used within
their limits for public hire."

The foregoing review of the Motor Vehicle statute is sufficient to show that the statute is intended to be regulatory and its passage is referable to the police power of the State. Automobiles have but recently come into general use. It is a fact within the common knowledge of most persons that automobiles, other than those used in particular localities for hire, are extensively used in this State in making tours of considerable distance, in the course of which many cities, villages and towns would be visited. The legislature has by the Motor Vehicle act taken the subject of the regulation of the speed and operation of automobiles out of the hands of local authorities and passed the Motor Vehicle law as a general, uniform regulation, applicable alike to all municipalities of the State. The effect of this law manifestly is to abrogate all municipal ordinances designed to regulate the use of motor vehicles passed prior to the time such law went into force and to deprive such municipalities of the power to pass such regulating ordinances in the future. The necessity for such uniform law was a matter for legislative determination, with which the courts have nothing to do. Clearly, the purpose of the legislature was to pass a new and complete law designed to take the place of all municipal ordinances or rules regulating the equipment and operation of motor vehicles.

Appellants contend that the Wheel Tax ordinance, the enforcement of which is sought to be enjoined, was passed in violation of section 13 of the Motor Vehicle law above quoted. The Wheel Tax ordinance was before this court in *Harder's Fire Proof Storage and Van Co.* v. *City of Chicago,* 235 Ill. 58, and *Harder* v. *City of Chicago;* id. 294, and the ordinance in question will be found set out at large on pages 60 and 61 in the statement preceding the opinion of this court in the first of the above cited cases. We do not deem it necessary to set out the provisions of the said ordinance again. In the two cases above referred to, the validity of this ordinance was assailed upon other

grounds than those relied on by appellants in the case at bar. In the case of *Harder's Fire Proof Storage and Van Co. v. City of Chicago* the ordinance in question was held to be a revenue measure, and as such authorized by the amendment to clause 96 of the City and Village act passed in 1907. Viewing the ordinance in question as a proper exercise of the taxing power of the city of Chicago under the amendment to clause 96, *supra,* it is clear that appellants' contention that the ordinance is an attempt by the city to regulate the use and operation of motor vehicles in violation of section 13 of the Motor Vehicle law cannot be sustained. The right of municipalities to levy a tax upon vehicles, which tax, when collected, shall be kept as a special fund for the repair and improvement of the streets and other public ways of the municipalities, was settled by the decision of this court in the wheel tax cases already referred to. The nominal fee of two dollars that is paid by the owner of a motor vehicle to the Secretary of State is not more than sufficient to cover the expenses of carrying out the provisions of the law by the Secretary of State, and cannot be regarded, in any sense, as a tax.

Section 13 of the Motor Vehicle law provides that "no owner of a motor vehicle who shall have obtained a certificate from the Secretary of State as hereinbefore provided shall be required to obtain any other license or permit to use or operate the same, nor shall such owner be required to display upon his motor vehicle any other number than the number of the registration seal issued by the Secretary of State." It is contended that the ordinance in question requires appellants to obtain a license or permit to use their vehicles in the city of Chicago in addition to the license or permit obtained from the Secretary of State. It is true that the ordinance provides for the issuing of a "license" to the owners of vehicles upon the payment of the tax as required by the ordinance, but construing the word "license" as used in the ordinance, in connection with the general context of

the ordinance, it is clear it is used as equivalent to "tax," and the issuing of a license to the owner of a vehicle under such ordinance is, in effect, no more than giving a receipt for the annual tax which he has paid. The provision in section 4 of the ordinance requiring a metal plate bearing the number and the name of the class to which such vehicle belongs to be affixed in a conspicuous place upon the right-hand side of the vehicle does not apply to the owners of automobiles. Appellants are not required by said ordinance to display any number upon their vehicles other than that furnished by the Secretary of State. The only provision of said ordinance with which appellants are required to comply is to pay their annual taxes on their automobiles and receive from the city clerk a receipt or a license evidencing such payment. There is nothing in the ordinance that purports to regulate the manner of equipping or operating a motor vehicle.

Construing the Motor Vehicle law as a regulatory statute passed under the police power of the State, and the ordinance as a revenue measure passed under the taxing power of the municipalities, the ordinance does not conflict with the Motor Vehicle statute. If, however, such conflict existed, it would not necessarily follow that the ordinance in question was invalid. The amendment to clause 96, *supra,* was passed December 31, 1907, at a special session of the General Assembly and went into effect the same day. The Motor Vehicle law was passed at the regular session of the General Assembly of 1907 and went into effect on July 1 of that year. It having been settled by this court in the wheel tax cases above referred to, that the ordinance in question was duly authorized by the amendment to clause 96, *supra,* it would seem to follow that clause 96, being the later act, would control, and in case it should be determined that it was inconsistent with the provisions of the Motor Vehicle law, then the Motor Vehicle law, in so far as the same was inconsistent with the powers granted

by clause 96, would be repealed by implication. Repeals by
implication are not favored by the law, (*Hunt* v. *Chicago
Horse and Dummy Railway Co.* 121 Ill. 638,) and courts
will, if possible, so construe two legislative acts that each
will have the force and effect intended by the legislature.
Still, where it appears to the court that it is impossible to
give effect to both acts, the latest in point of time will pre-
vail. But in the case at bar we do not find it necessary to
invoke this rule. We think that any apparent conflict be-
tween section 13 of the Motor Vehicle law and the ordi-
nance under consideration is removed by the construction
of the two acts which has already been discussed.

Appellants contend that the ordinance in question is un-
constitutional and void because it unjustly discriminates be-
tween persons coming within the same class, in that it levies
a tax upon automobiles with seats for two persons and an-
other tax upon automobiles with seats for more than two
persons, and does not levy any tax upon automobiles with
a seat for only one person. This contention is based upon
the following averments in the bill: "Your orators further
represent that the said ordinance so passed by the city of
Chicago by its common council, as aforesaid, is invalid be-
cause it is in violation of the uniformity and equality pro-
visions of the constitution of this State in that it requires
your orators and all other persons similarly situated to pay
a license fee to the said city of Chicago, as provided in said
ordinance, before they will be permitted to operate and use
their said automobiles upon the streets, avenues and alleys
of said city, while other persons between whom and your
orators there is no actual and substantial difference, to-wit,
persons using or operating automobiles with a seat for one
person only, motorcycles, tricycles and bicycles, are not re-
quired, under and by virtue of the provision of said ordi-
nance, to pay any license fee to the said city of Chicago as
a condition precedent to the operation or use of the vehicles
last mentioned upon the streets, avenues and alleys of said

city, thereby unjustly and illegally discriminating against your orators and others similarly situated. Your orators further represent that a large number of such automobiles with seat for one person only, motorcycles, tricycles and bicycles have been and now are operated upon the streets, avenues and alleys of said city; that many of the said automobiles last mentioned are more powerful, heavier, of greater value and do as much or more damage to the pavements of said streets, avenues and alleys than many of the said automobiles of your orators with seats for two or more persons; that many of said motorcycles and tricycles are heavy vehicles and operated by powerful engines, and are capable of doing, and actually do, as much or more damage than many of the said automobiles of your orators for which a license fee is required of your orators, as aforesaid."

The averment does not allege that there were automobiles with a seat for only one person in use in the city of Chicago at the time the ordinance was passed. The averment that such automobiles "have been and are now operated upon the streets, avenues and alleys of said city" is not, an averment that such fact existed when the ordinance was passed. Construing the averment most strongly against the pleader, it must be held that no such machines were in use at the time the ordinance was passed. If the ordinance was valid when passed it could not be rendered invalid by the subsequent introduction of a new class of vehicles which were not included in its terms. The State, when acting directly or indirectly through municipal corporations, has a wide discretion in the selection and classification of the objects of taxation. (Cooley on Taxation, (3d ed.) p. 76; *Kochersperger* v. *Drake,* 167 Ill. 122; *Kersey* v. *City of Terre Haute,* 161 Ind. 471.) If it be conceded that there were automobiles with a seat for one person, motorcycles, tricycles and bicycles in use in the city of Chicago at the time the ordinance in question was passed, we are not pre-

pared to hold the ordinance void because it failed to provide
a tax for such vehicles. There may have been reasons,
known to the city council, in regard to the character and use
of the excluded vehicles for exempting them from the op-
eration of such ordinance. The presumption must be in-
dulged that the ordinance is valid' and that there has been
no arbitrary discrimination in the selection of the objects
of taxation under it.

Finding no error in the decree the same is accordingly
affirmed.                              *Decree affirmed.*

Mr. CHIEF JUSTICE CARTWRIGHT, dissenting:

The Motor Vehicle law, which is a special law relating
to one class of vehicles, provides that no owner of a motor
vehicle who has procured the required license from the Sec-
retary of State shall be required to obtain any other license
to use the same, nor be excluded or prohibited from or lim-
ited in the free use of his motor vehicle upon any public
street, avenue, road, turnpike, driveway, parkway or any
other public place, nor be required to comply with other
provisions or conditions as to the use of motor vehicles ex-
cept as provided in the act. The ordinance declares it to
be unlawful for any person to use any vehicle in the trans-
portation of persons or property upon the streets, avenues
or alleys of the city without having procured the license
therein specified for such use. The act and ordinance are
in irreconcilable conflict, which is not obviated or removed
by regarding the act as a regulation under the police power
and the ordinance as an exercise of the taxing power. The
validity of the act is not questioned, and being a special act
relating to motor vehicles it has not been repealed by the
general act amending the City and Village act. (*Town of
Ottawa* v. *County of LaSalle,* 12 Ill. 339; *Covington* v.
*City of East St. Louis,* 78 id. 548.) The general act gives
cities and villages power to direct, license and control

wagons and vehicles conveying loads and says nothing about taxing vehicles. But, regarded in any light, the ordinance conflicts with the Motor Vehicle act.

Mr. JUSTICE DUNN : I concur in the views expressed in the foregoing dissent of Mr. Chief Justice CARTWRIGHT.