(No. 12990.—Judgment affirmed.)
THE CITY OF CHICAGO, Appellee, *vs.* J. W. KEOGH, Appellant.

*Opinion filed December 17, 1919—Rehearing denied Feb. 10, 1920.*

1. MOTOR VEHICLES—*when traffic ordinance is not in violation of the Motor Vehicle act of 1917.* An ordinance forbidding motor vehicles, on overtaking a street car, to pass on the left side of the car is purely a traffic ordinance, and is not in violation of the provision of the Motor Vehicle act of 1917 that no ordinance shall be passed limiting or restricting the speed of automobiles. (*Ayres v. City of Chicago,* 239 Ill. 237, and *People v. Sargent,* 254 id. 514, distinguished.)

2. SAME—*when section 16 of Motor Vehicle act does not apply.* Section 16 of the Motor Vehicle act, providing that the operator of a motor vehicle overtaking on a public highway any horse or other draft animal or vehicle shall pass on the left side, and the driver of the horse or other vehicle shall, on signal, turn to the right, does not apply to the passing of street cars by motor vehicles.

APPEAL from the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding.

W. T. ALDEN, C. R. LATHAM, and H. P. YOUNG, (CHARLES MARTIN, of counsel,) for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, and HARRY B. MILLER, (DANIEL WEBSTER, and MORTON S. CRESSY, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant, J. W. Keogh, was arrested on a complaint charging that on April 6, 1919, he was driving a motor vehicle in the city of Chicago, and that he overtook and passed a street car by turning to the left into the car track for use by street cars and vehicles moving in the opposite direction, in violation of section 2493 of the revised munici-

pal code of the city of Chicago. Appellant was driving his automobile north on Elston avenue. He overtook a street car going the same direction. As the street car approached Lawrence avenue appellant turned his automobile to the left and passed the street car on that side while it was moving. There was at the time no south-bound traffic to interfere with passing on the left side of the street car. The facts are not in dispute. The appellant's defense was that the ordinance was invalid; that it is in conflict with the Motor Vehicle act; that it is an unreasonable limitation on the right to use the streets; that it unlawfully discriminates against drivers of motor vehicles, and is in violation of article 2 and section 22 of article 4 of our State constitution. The municipal court imposed a fine of five dollars and costs, and certified that the validity of a municipal ordinance was involved and the public interest required it to be passed upon by the Supreme Court, and an appeal was allowed and perfected to this court.

The ordinance is as follows:

"Sec. 2493. All vehicles shall keep as close to the right-hand curb as safety and prudence shall permit, except when overtaking and passing another vehicle and except when running within the car tracks, as provided in section 2487 hereof. An overtaken vehicle must at all times be passed on its left side, except in the case of motor vehicles and motorcycles passing street cars or other vehicles when running within the car tracks. In such case such motor vehicle or motorcycle shall not turn to the left into the track reserved for street cars and vehicles moving in the opposite direction but shall pass to the right of such street car or vehicle so overtaken."

Counsel contend that section 12 of the Motor Vehicle act undertakes to regulate the use, operation and speed of motor vehicles in the State for the sake of uniformity and deprives the local municipal authorities of the power to

pass ordinances on those subjects. *Ayres* v. *City of Chicago,* 239 Ill. 237, and *People* v. *Sargent,* 254 id. 514, are cited as sustaining that position. The *Ayres case* was decided under the act of 1907 concerning motor vehicles. Among other provisions relating to the use of such vehicles it was provided that no city should have the power to make any ordinance limiting or restricting the "use or speed of motor vehicles," and it was held the purpose of the act was to take the place of all municipal ordinances regulating the equipment and operation of motor vehicles. The act of 1911, under which the *Sargent case* was decided, contained the same provision with reference to the power of a municipality to pass ordinances limiting the "use or speed of motor vehicles." That act also contained a provision that it was not to affect the power of a city to make and enforce reasonable traffic regulations, "except as to rate of speed," not inconsistent with other provisions of the act. The *Ayres* and *Sargent cases* were referred to and distinguished in *City of Chicago* v. *Shaw Livery Co.* 258 Ill. 409, which also dealt with the 1911 act. The Motor Vehicle act of 1917 provided that no ordinance should be passed by a municipality limiting or restricting "the speed" of motor vehicles. The words "use or," preceding the word "speed," are not in the present act, which also contains the provision that the power of municipal corporations to make and enforce reasonable traffic and other regulations, "except as to rates of speed," not inconsistent with the provisions of the act, is unaffected.

It is also contended the ordinance is in violation of section 16 of the Motor Vehicle act. That section provides that the operator of a motor vehicle overtaking on a public highway any horse or other draft animal or vehicle shall pass on the left side, and that the driver of the horse or other vehicle shall, on signal, turn to the right of the center of the beaten track on such highway, so as to allow free passage on the left. It is obvious this section was in-

tended to apply only to country roads or streets on which there are no street cars. It would be impossible for a street car to turn to the right on being overtaken by a motor vehicle, and it would be unreasonable to construe "vehicles," as used in section 16, to embrace street cars running on rails. The ordinance here involved is purely a traffic regulation and is not prohibited by or in conflict with the Motor Vehicle act.

The other objections urged to the validity of the ordinance are not of such importance as to justify or require their discussion in detail. We consider them entirely without merit and that the ordinance involved is a sane and reasonable one, necessary for the protection of persons and traffic.

The judgment is affirmed.                    *Judgment affirmed.*