Weygandt, C. J.
 

 This action challenges the constitutionality of certain distributive provisions of Sections 6291 (115 Ohio Laws, 486) and 6309-2& (114 Ohio Laws, 856), General Code, purporting to authorize the use of the annual motor vehicle license tax for other than highway purposes.
 

 At first the General Assembly limited this feature
 
 *457
 
 to the years 1932-1933. Later the period was extended to March 1, 1935.
 

 The plaintiff relies upon the Fourteenth Amendment of the Federal Constitution and upon Sections 2 and 19 of Article I, and Sections 2,4 and 10 of Article XII of the Constitution of Ohio.
 

 At the threshold of this discussion it is important to observe that there is no dispute as to the precise nature of this tax. Both the Court of Common Pleas and the Court of Appeals held it to be an excise rather than a property tax. Counsel have so considered it in their briefs and oral arguments. Clearly this is correct.
 
 Saviers
 
 v.
 
 Smith, Secy. of State,
 
 101 Ohio St., 132, 128 N E., 269;
 
 Fisher Bros. Co.
 
 v.
 
 Brown, Secy. of State,
 
 111 Ohio St., 602, 146 N. E., 100;
 
 Foltz Grocery & Baking Co.
 
 v.
 
 Brown, Secy. of State,
 
 111 Ohio St., 646, 146 N. E., 97.
 

 The recognition that this is an excise greatly simplifies the problem inasmuch as there is no other species of tax with reference to which the legislative branch of the government enjoys such broad power and discretion. The following pertinent language appears in 1 Cooley on Taxation (4th Ed.), 131:
 

 “It is often very important to determine whether a certain tax is a property tax or an excise tax, i. e., whether (1) a property tax or (2) an occupation, license, business, privilege or franchise tax. Not only are excise taxes governed by many rules entirely different from those which control property taxation, but also there are many constitutional provisions applicable to taxes on property but not to excise taxes. For instance an excise tax is not within constitutional prohibitions such as those requiring taxation of property by value, uniformity and equality of taxation.”
 

 Of similar import is the following general comment from 26 Ruling Case Law, 257:
 

 “It is for the legislature to determine the subjects of excise, and it may tax such acts, privileges and occu
 
 *458
 
 pations as it sees fit, and leave other acts, privileges and occupations untaxed which might with equal propriety be called upon to bear their share of the public burdens. The legislature may also discriminate between different forms of the same act, privilege or occupation and determine that under certain circumstances it shall be taxed and under other circumstances be exempt, but such discrimination must have some conceivably rational basis, and not be purely arbitrary or founded on an immaterial fact.”
 

 As further evidence of the breadth of this legislative power it is well to remember the settled rule that even the inhibition against double taxation is not applicable to excises. 38 Ohio Jurisprudence, 899.
 

 However, this power is not utterly without limitation. Although Section 10 of Article XII states broadly that “Laws may be passed providing for excise and franchise taxes”, this court has nevertheless held in the second paragraph of the syllabus in the case of
 
 Southern Gum Co.
 
 v.
 
 Laylin, Secy, of State,
 
 66 Ohio St., 578, 64 N. E., 564, that: “While there is no express limitation upon the power of the general assembly to tax privileges and franchises, such power is impliedly limited by those provisions of the constitution which provide that private property shall ever be held inviolate, but subservient to the public welfare, that government is instituted for the equal protection and benefit of the people, and that the constitution is established to promote our common welfare.”
 

 Likewise, in the third paragraph of the same syllabus the court used the following language: “By reason of these limitations a tax on privileges and franchises can not exceed the reasonable value of the privilege or franchise originally conferred, or its continued annual value hereafter. The determination of such values rests largely in the general assembly, but finally in the courts.”
 

 Furthermore, in the fifth paragraph of the syllabus
 
 *459
 
 in the case of
 
 Saviers
 
 v.
 
 Smith, Secy. of State, supra,
 
 this court made the following pronouncement: “The state has full power to regulate the use of motor vehicles on its highways and may exact reasonable compensation for special facilities afforded, and make reasonable provision to insure safety.”
 

 The problem in this case is further simplified by the fact that the tax has been collected and distributed as authorized by the statute in effect at the time of the collection and distribution. In other words, there is no claim that the amendments to the statutes were enacted during or subsequent to either of these processes. The plaintiff concedes that both processes were proper if the amended statute is constitutional.
 

 The gravamen of the plaintiff’s complaint is that the pronouncements of this court in the two cases of
 
 Southern Gum Co.
 
 v.
 
 Laylin, supra,
 
 and
 
 Saviers
 
 v.
 
 Smith, supra,
 
 are determinative of the instant question, and that they must be overruled if the judgment of the Court of Appeals is permitted to stand.
 

 The first of these cases should cause no difficulty. In the third paragraph of the syllabus the court held simply that an excise must “not exceed the reasonable value of the privilege” conferred. This is nothing more or less than a restatement of one of the generally recognized limitations upon excises. This court is still of the view that the rule is so salutary that it should remain the law of Ohio.
 

 Neither should the second case greatly trouble the plaintiff. As usual, the court there spoke through the syllabus, the fifth paragraph of which contains the following language: “The state has full power to regulate the use of motor vehicles on its highways and may exact reasonable compensation for special facilities afforded.” Although this statement in nowise modifies the earlier pronouncement as to excises, it is nevertheless the contention of the plaintiff that this case is authority for a further limitation requiring such a tax
 
 *460
 
 to be used for the exclusive benefit of those who pay it. This is indeed a new and strange doctrine with reference to excises, and the plaintiff supports his position with no citations except the following language which appears in the opinion alone: “The use of the entire proceeds in aid of the specific privilege enjoyed by those who pay the tax is an essential feature in determining its reasonableness.” This is, of course, merely the statement of the individual judge who wrote the opinion, but even if it be accepted as authoritative, it does not bear the interpretation placed upon it by the plaintiff. He states that the use of such tax is
 
 the
 
 test of its reasonableness. This means that it is the exclusive test. However, this is not the language Of the opinion which states merely that use is
 
 “an
 
 essential feature in determining its reasonableness.” But in any event, the question of use was not involved in that case, because the statute then provided that the entire proceeds of the tax, with the exception of the cost of administration, were to be applied to the maintenance and repair of the public roads and highways. The judge who wrote the opinion made this clear in his statement that the question presented was simply “whether the taxes imposed by the law in question exceed the value of the privilege taxed.” It should be noted that in the instant case the plaintiff’s petition contains no such allegation.
 

 However, the question of the power of the Legislature as to the application of excises is one that is not open to conjecture in this state. In the first paragraph of the unreversed syllabus in the case of
 
 State, ex rel. Schwartz, Pros. Atty.,
 
 v.
 
 Ferris,
 
 53 Ohio St., 314, 41 N. E., 579, 30 L. R. A., 218, this court very definitely stated the well settled rule as follows: “Funds raised by the taxation of franchises, rights and privileges, may be applied to purposes of general revenue, or any other purpose authorized by statute.”
 

 
 *461
 
 That this is likewise the view of the Federal courts is evident from the following paragraph of the syllabus in the case of
 
 Carley & Hamilton, Inc.,
 
 v.
 
 Snook, Chief of Div. of Motor Vehicles,
 
 281 U. S., 66, 74 L. Ed., 704, 50 S. Ct., 204: “Nothing in the Federal Constitution requires a state to apply motor vehicle registration fees to the benefit of those who pay them.”
 

 This significant language was used in the opinion by Mr. Justice Stone on page 71:
 

 “But we are now concerned only with the use of motor cars in intrastate commerce, and in any case, not the precise name which may given to the money payment demanded, but its effect upon the persons paying it, is of importance in determining whether the Constitution is infringed. Whatever other descriptive term may be applied to the present registration fees, they are exactions, made in the exercise of state taxing power, for the privilege of operating specified classes of motor vehicles over public highways, and expended for state purposes. Such fees, if covered into the state treasury and used for public purposes, as are general taxes, obviously would not offend against the due process clause. Nor can we see that they do so the more because the state has designated the particular public purposes for which they may be used. There is nothing in the Federal Constitution which requires a state to apply such fees for the benefit of those who pay them. See
 
 Thomas
 
 v.
 
 Gay,
 
 169 U. S., 264, 280.”
 

 From the foregoing discussion it is apparent that this matter has been considered necessarily as a question of power rather than of policy. This makes it the duty of the court to affirm the judgment of the Court of Appeals, thereby sustaining the validity of the questioned statutory provisions. If a change of policy be desired it can be accomplished effectively by recourse
 
 *462
 
 to either constitutional or statutory amendment, or both.
 

 Judgment affirmed.
 

 Stephenson, Williams, Jones, Matthias and Zimmerman, JJ., concur.