By the Court.
 

 One of the decisive points of attack in this controversy is paragraph number 5 of Section 6309-2, General Code, which reads as follows:
 

 “Ten per centum of all taxes collected under the provisions of this chapter shall be paid by the registrar into the state treasury to the credit of the ‘state road bond retirement fund’, certifying the amount so paid in the manner provided by section 6309 of the General Code. Said fund shall be appropriated and used for retiring county, township and municipal bonds issued pursuant to law to refund road or highway bonds issued prior to January 1, 1935, and refunding prepaid special assessments in connection therewith.”
 

 Although several sections of the federal and state Constitutions were relied upon in the oral arguments, the only one discussed at length in the respondent’s brief is Section 26 of Article II of the Constitution of Ohio, which wisely provides in part that all laws of a general nature shall have a uniform operation throughout the state.
 

 Although the act in question is conceded to be general in its nature, the relator contends that the controversy is greatly simplified since the tax involved is an excise. The correctness of this view was restated in the case of
 
 Calerdine
 
 v. Freiberg,
 
 Treas.,
 
 129 Ohio St., 453, 195 N. E., 854. But while it is correct to say that there is no other species of tax with reference to which the legislative branch of the government enjoys such broad power and discretion, nevertheless it must be remembered that this power and discretion are not utterly without limitation. Furthermore, although it is not necessary that an excise be applied exclusively for the use and benefit of those who pay it, this in no sense connotes the idea that such application may be devoid of a conceivably rational
 
 *437
 
 basis, that the operation need not be uniform throughout the state, or that the use may be other than a public one.
 

 Does paragraph number 5 of Section 6309-2 square with these principles? Does it operate reasonably and uniformly upon the subject-matter of highway bonds? By its terms the only bonds affected are those which were issued prior to January 1, 1935, and mature after January 1, 1936. What about all other highway bonds and the special assessments levied for the payment thereof? The obvious answer is that they are not included, and this is true irrespective of whether they have been paid. On the other hand it should be noted that not only are the included bonds to be paid and the unmatured special assessments abated, but all such assessments as have been prepaid are to be refunded to the person who may happen to own the land
 
 at the time the refund is made.
 

 Of course it has been held that the constitutional provision as to uniformity of operation does not preclude reasonable classification. 8 Ohio Jurisprudence, 604. However the more closely one studies this statute the more clearly its arbitrary and discriminatory nature appears. Especially is this true when it is remembered that according to the amended petition there are twenty-two counties in which there is not an outstanding bond of the sort here included. Then, too, it should be noted that this statute is applicable not only to county and municipal bonds but even to those of townships as well. If the indirect use of a tax for the gratuitous payment of promiscuous obligations of this sort be not held unreasonable, discriminatory and arbitrary, can it then truthfully be said that there remains any vestige of constitutional inhibition against legislative caprice?
 

 Counsel refer to the case of
 
 Calerdine
 
 v.
 
 Freiberg, supra,
 
 but it is sufficient to observe that the instant question was not there involved. In that case it was
 
 *438
 
 the contention of counsel that the excise should be used for the exclusive benefit of those who paid it. The case of
 
 Friedlander, Treas.,
 
 v.
 
 Gorman, Pros. Atty.,
 
 126 Ohio St., 163, 184 N. E., 530, is more nearly in point, but it related to a local personal property tax rather than to an excise. Another citation is that of
 
 Amos, Comptroller,
 
 v.
 
 Mathews,
 
 99 Fla., 1, 126 So., 308, to which Judge Stephenson made reference in his opinion in the case of
 
 Friedlander
 
 v.
 
 Gorman, supra.
 
 There the Supreme Court of Florida in considering the distributive features of an excise upon motor fuel held in part as follows:
 

 “The legislature has no power to levy a State tax for the purpose of paying county or district bonds. # # *
 

 “Intrinsic equality and uniformity, essential in the imposition of
 
 ad valorem
 
 taxes, is not indispensible in the imposition of excise taxes. Nevertheless, in the imposition of 'excise taxes there must be geographic uniformity throughout the taxing district to which the particular tax applies, and such a tax can neither be laid nor apportioned amongst different taxing districts so as to in effect tax the people of one taxing district for the benefit of another taxing district for a purpose in which the people of the district taxed have no concern. * * *
 

 “Even though the legislature may impose excise taxes for county purposes, it can not take the revenue thus raised in one county
 
 for county purposes
 
 and appropriate it to pay the debts of some other county, upon the assumption that as the revenue is public funds raised by Act of the legislature itself, it must be at the absolute disposal of the legislature.” * * *
 

 “Even though the levy of a county excise tax is laid uniformly by the legislature, if the proceeds of the tax are arbitrarily apportioned without reference to the sums collected in the taxing units in and for the benefit of which the taxes are levied and collected (in this
 
 *439
 
 case the several counties), the result is as much a denial of uniformity and equal protection of the law as though the levy itself was similarly lacking in uniformity.”
 

 Because of the manifest unconstitutionality of this act extended discussion is unnecessary. The respondent’s demurrer must be sustained and the amended petition dismissed at the costs of the relator.
 

 Demurrer sustained.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.