By the Court.
 

 At the threshold of this discussion it should be noted that this court is not permitted to concern itself with the wisdom of the questioned ordinance. The problem confronting this court is one solely of legislative power and not in any s'ense one of policy.
 

 As a preliminary procedural question it is claimed by the defendants that the plaintiff as a taxpayer lacks the necessary capacity to maintain this action. Under the provisions of the ordinance the Department of Safety is authorized to establish, equip and operate one or more testing stations. Since no fees for in
 
 *466
 
 spection of vehicles will he received until a station is established the initial expenditure for its erection necessarily would come from the general funds of the city. If the ordinance is invalid the expenditure for such a station would be improper and constitute a misapplication. Consequently this court is of the opinion that as a taxpayer the plaintiff possesses the necessary capacity to maintain this action.
 

 The plaintiff contends that the ordinance is unreasonable and discriminatory on the theory that it is the driver and not the condition of a particular vehicle that causes an accident. The answer to this is that accidents may be caused by either or both of these elements. A competent driver with a mechanically defective vehicle may constitute as much of a traffic hazard as a careless driver with a vehicle that is in excellent mechanical condition. This court experiences' no difficulty in concluding that the mechanical condition of a motor vehicle is an important factor in the safety of its operation upon the highway. In this respect the ordinance is neither unreasonable nor discriminatory.
 

 A further complaint of the plaintiff is that the ordinance operates as a restriction upon both intrastate and interstate commerce, since it affects everyone who operates a motor vehicle upon the streets of Cincinnati. In other words it is contended that the ordinance cannot be considered proper
 
 local
 
 legislation since it operates extra-territorially upon nonresidents as well as upon residents. However, it must be remembered that the ordinance affects only those who operate motor vehicles within the limits of the city of Cincinnati. Furthermore, it is’ not suggested that there is any discrimination against a nonresident. On the contrary the operation of a motor vehicle by either a resident or nonresident is not made unlawful until after a defect has been discovered and the operator has failed to correct it within a period of twenty-four hours. Then
 
 *467
 
 too, the ordinance provides that “this section shall not apply to a vehicle bearing an unexpired inspection certificate or seal issued by any other public authority of competent jurisdiction.” Thus it is apparent that there is no unreasonable interference with interstate or intrastate commerce, and that under its charter the city simply has exercised the “powers of local self-government” conferred by Section 3 of Article XVIII of the Constitution of Ohio wherein-municipalities are authorized, “to.adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.”
 

 The plaintiff’s next contention is that the ordinance conflicts with the state statutes licensing the operation of motor vehicles. It is his theory that “upon proper registration, a franchise is issued by the state to the owner of a motor vehicle licensing his' car to be driven over all roads in Ohio” including those within municipalities. The difficulty with this position is the fact that the state and the city of Cincinnati have here legislated upon different subjects; hence there is no conflict. The fifty cents exacted by the ordinance is plainly a mere inspection fee and not a tax, inasmuch as' its manifest purpose is simply to meet the expense of issuance; but on the other hand, as has been held frequently by this court, the registration fee exacted by the state statute is an excise.
 
 Saviers
 
 v.
 
 Smith, Secy. of State,
 
 101 Ohio St., 132, 128 N. E., 269;
 
 Fisher Brothers Co.
 
 v.
 
 Brown, Secy. of State,
 
 111 Ohio St., 602, 146 N. E., 100;
 
 Foltz Grocery & Baking Co.
 
 v.
 
 Brown, Secy. of State,
 
 111 Ohio St., 646, 146 N. E., 97;
 
 Calerdine
 
 v.
 
 Freiberg,
 
 129 Ohio St., 453, 195 N. E., 854. The state has not legislated on the subject of inspection, nor has the city here levied a tax. The city has exercised its police power, while the state has employed its power of taxation. Had the state preempted the inspection field a different question would be presented. It is of course true that the state issues a li
 
 *468
 
 cense upon payment of the registration fee, but it is equally true and equally obvious that the purpose of the statute is to levy a tax, and that the issuance of the license by the state is but an incidental detail or means for facilitating the collection of the tax. That the issuance of such a license is not intended to confer an unconditional privilege to operate a motor vehicle upon any highway at any time as the owner may fancy is shown by the language of Section 3632, General Code, which provides that municipalities may “license and regulate the use of the streets by persons who use vehicles,” and also by the language of Section 3714, General Code, which provides that municipalities “shall have special power to regulate the use of the streets, to be exercised in the manner provided by law.” This is shown also by the fact that although a person may own a motor vehicle and possess the license issued when he paid his registration fee, he nevertheless is not permitted to operate his car until he has taken the further step of obtaining a driver’s license as required' by the provisions of Section' 6296-2
 
 et seq.,
 
 General Code. The plaintiff cites and relies upon the cases of
 
 Pegg
 
 v.
 
 City of Columbus,
 
 80 Ohio St., 367, 89 N. E., 14, 23 L. R. A. (N. S.),'453, and
 
 Frisbee
 
 v.
 
 City of Columbus,
 
 80 Ohio St., 686, 89 N. E., 92. However these cannot be considered as in any wise decisive of the instant controversy, inasmuch as they involved a noncharter city and they were decided in the year 1909 before the adoption of Article XVIII of the Constitution of Ohio. Furthermore the ordinance there involved was substantially different from the present one. The city of Columbus attempted to prohibit the use of its streets by a driver without a license. As already observed, under the present ordinance the operation of a motor vehicle becomes unlawful only after inspection, discovery of defects, and failure to repair.
 

 The plaintiff further complains that the ordinance
 
 *469
 
 is invalid because it provides' that tbe fees realized shall be used for tbe purpose of meeting tbe expense of tbe inspection instead of being paid into tbe general fund. Tbe answer to tbis is that, as already observed, tbe fifty cents is an inspection fee and not a tax.
 

 Likewise tbe plaintiff contends that tbe Legislature bas conferred upon tbe Public Utilities Commission special authority over public conveyances, and that tbis constitutes an implied limitation upon tbe power of municipalities to regulate tbe use of their streets by motor vehicles generally. However, a study of these statutes discloses no basis for such an inference.
 

 Consistent with tbe foregoing views sustaining tbe validity of tbe questioned ordinance, tbis court is of tbe opinion that tbe lower courts were correct in sustaining tbe demurrer to tbe plaintiff’s petition. Therefore tbe judgment of tbe Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Zimmerman, Williams, Myers and G-orman, JJ., concur.