## STATE OF NEW JERSEY v. ROBERT TAYLOR.

An association incorporated under the Benevolent Association act does not come within the prohibition of the insurance laws so long as it confines its agreements to the payment of sick benefits and burial expenses. *Quære.* Whether any contract in the nature of life insurance is not in contravention of the "Act to incorporate benevolent and charitable associations" (*Rev., p.* 79) and its supplements. *Pamph. L.* 1883, *p.* 57; *Id.* 1886, *p.* 221.

On case certified.

This cause was tried before the Circuit Court, a jury having been waived, upon the following agreed state of facts:

*First.* The Commonwealth Beneficial Association is a corporation organized under the laws of the State of New Jersey. A copy of its charter, constitution and by-laws is hereto annexed.

*Second.* Robert Taylor was, on October 9th, 1892, and for thirty days before that time, the agent, solicitor and canvasser of the said association under an agreement with the corporation, by which he received from it compensation for getting persons to become members of said corporation, and as such agent, solicitor and canvasser, at that time and for thirty days previously thereto, in the State of New Jersey, did continually solicit persons, resident in said state, to become members thereof.

*Third.* On October 9th, 1892, at Newark, in the State of New Jersey, the said Taylor, acting as agent, solicitor and canvasser as aforesaid, induced one John Robbins, a resident of said city of Newark, to join said association, representing to him that if he would become a member thereof and pay $1.28 a month, he would get $5 every week he was sick, and that $100 would be paid to his family on his death. The said Taylor thereupon collected from the said Robbins the sum of $1.28 as dues for such membership, and gave him a certificate and a book, copies of which are hereto annexed, and did at several subsequent times collect from the said Robbins certain sums, as appears from the entries in said book.

*Fourth.* The said Robert Taylor was, on the 9th day of October, 1892, and during the said time he acted as agent, solicitor and canvasser of said corporation, a member thereof.

*Fifth.* Neither the said Commonwealth Beneficial Association nor Robert Taylor was, on the 9th day of October, 1892, or at any time previously thereto, authorized by the secretary of state of New Jersey or the commissioner of banking and insurance of New Jersey to transact the business of insurance in the State of New Jersey.

*Sixth.* The certificate of membership.

*Seventh.* Copy of by-laws.

On the foregoing agreed state of facts the following questions are raised:

1. Was the contract made by the Commonwealth Beneficial Association with John H. Robbins a "contract of insurance of any kind   \*  \*  \*   or certificate of membership  \*  \*  \* on the life, health or safety of any person," within the meaning of section 6 of the act of March 8th, 1877, as amended by section 1 of the act of April 4th, 1889 (*Pamph. L., p.* 174), and did the defendant transact the business of insurance within the meaning of that act?

2. Does an association incorporated under the Benevolent Association act come within the prohibition of the insurance laws?

3. Should judgment in the case be given in favor of the plaintiff or in favor of the defendant?

The foregoing questions are made and stated as presenting a case of doubt and difficulty, and are hereby certified to the Supreme Court for its advisory opinion.

DAVID A. DEPUE, <i>Judge.</i>

Argued at June Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the plaintiff, *Hayes & Lambert.*

For the defendant, *John W. Wartman.*

The opinion of the court was delivered by

GARRISON, J. An act to incorporate benevolent and charitable associations was originally passed in 1844. *Pamph. L., p.* 197. It was re-enacted in the Revised Statutes of 1846 (*R. S., p.* 127), and again, with unimportant changes, in 1853 (*Pamph. L., p.* 355), and in the Revision of 1875. *Rev., p.* 79. All of these enactments set forth that "the sole and exclusive object of incorporations" thereunder shall be "the relief or support of such of the members thereof as shall by sickness, casualty or other cause be rendered incapable of

attending to their usual occupation or calling,    *    *    *    and also the decent interment of deceased members, or the widows of deceased members, and other charitable purposes." In 1876 a supplement to the act was passed (*Pamph. L., p.* 84), extending its provisions to "persons or associations whose object is to give and extend benevolent and charitable relief to persons who are not members or incorporators," and in 1883 (*Pamph. L., p.* 57) a further supplement provided that "it shall be lawful for associations incorporated under this act to contract with their members to pay death benefits according to the rules or by-laws adopted by such associations, and to agree to pay the same to the husband, wife, father, mother, brother, sister or legal representative of such member after his or her death, which contract the beneficiary therein named shall have full legal power to enforce in proceedings at law or in equity." In 1886 (*Pamph. L., p.* 221) the provision of the preceding supplement was extended so as to include "sons" and "daughters."

It is contended by the plaintiff that, by force of these statutes, the associations in question were invested with power to insure lives, and hence that, so long as that law is operative, the associations in question are legitimate subjects for the supervisatory control of the insurance laws of the state. It cannot be denied that, if these statutes be efficient to extend the capacity of these associations beyond the objects specified in the act to which they owe their incorporation, the result will be life insurance pure and simple. No insurance company could ask more ample competency. The question is not directly before us upon the facts of the case certified, but it may well be doubted whether such a construction is in anywise permissible. In a well-considered opinion in the Circuit Court, Mr. Justice Depue reviews the legislation upon this subject, reaching the conclusion that "it is clear that none of this legislation empowers these associations to engage in the business of life insurance." This opinion likewise holds that an attempt by these associations by means of by-laws or otherwise to extend their contracts beyond the benevolent

purpose of their creation would be in contravention of their statutory powers, and hence nugatory.   *Stewart* v. *Odd Fellows' Mutual Life Insurance Association,* 12 *N. J. L. J.* 110.

That the exercise of such a power, if it existed, would fall within the prohibition of the insurance laws, does not admit of debate.   The language of the act of 1889 (*Pamph. L., p.* 174) includes in its interdict "any contract of insurance of any kind," and also the transaction of "the business of insurance of any kind whatsoever," save under the provisions of that act. If, therefore, in the case before us, the contract made on behalf of the Commonwealth Benevolent Association with John H. Robbins were in the nature of an insurance upon his life, it would be within the prohibition •of the insurance laws, and judgment should be for the plaintiff accordingly. But there is nothing in the facts of the case before us upon which such a contention can rest.   The contract between Robbins and the benevolent association is contained in the by-laws of the association and in his certificate of membership.   Article I. of the by-laws sets forth the objects of the association to be twofold—first, to provide for its members weekly benefits in the event of sickness and disability, and second, to provide a funeral benefit in the event of death. While the certificate given to Robbins, as his evidence of membership, begins by stating in words and figures as follows, "Sick benefits, $5.00 ; funeral benefit, $100.00," the only conclusion from the evidence before the court below is that the contract went no further than the objects declared in the by-laws and specified in the certificate, viz., that the $100 agreed to be paid in the event of the member's death was the $100 for funeral expenses mentioned in the latter instrument.   It must be borne in mind that this is a suit to enforce a penalty and that the burden is upon the plaintiff to establish, by clear preponderance of proof, the special circumstances upon which a recovery may rest.   It is evident, therefore, that in the present case the plaintiff must fail unless an agreement by a charitable and benevolent association to pay to a member sick benefits and burial expenses constitutes

"the carrying on of the business of insurance" within the meaning of the Insurance act above stated. Such a contention cannot, however, be seriously pressed. The legislature has, by numerous contemporaneous acts, recognized and provided for the distribution of the funds of these benevolent societies among their members for the two purposes above mentioned, while enacting, at the same time, laws of increasing stringency for the regulation of the business of insurance in all of its forms. Neither in principle nor in practice can there exist any honest confusion between the two. Mutual associations for the purpose of securing, *inter alia*, sick benefits and burial expenses are benevolent institutions in the strictest sense of the term, whereas a contract for life insurance is a mere business undertaking entirely divorced from all charitable considerations. In my judgment, the one is as plainly outside the purview of the insurance laws as the other is clearly within the scope of their restrictive and supervisatory provisions. The view here taken is discussed and elaborated in the opinion of Mr. Justice Depue, already referred to.

The Circuit Court should be advised that an association incorporated under the Benevolent Association act does not come within the prohibition of the insurance laws so long as it confines its agreements to the payment of sick benefits and burial expenses. *Second.* That the contract made by the Commonwealth Benevolent Association with John H. Robbins was not a contract of insurance within the meaning of the Insurance act of March 4th, 1889. *Pamph. L., p.* 174. *Third.* That judgment in the case should be given in favor of the defendant.