Matthias, J.
 

 The sole question presented is whether the court erred in granting the injunction against the collection of the tax sought to be imposed.
 

 Since, under the finding of facts by the Court of Appeals the plaintiff is a nonprofit corporation, duly qualified and operating under Section 669
 
 ei seq.,
 
 General Code, the precise question is whether, under the provisions of these sections, the plaintiff is exempt from the franchise tax levied against domestic insurance companies by Sections 5414-8
 
 et seq.,
 
 General Code.
 

 Section 669, General Code, provides: “Any corporation heretofore or hereafter organized not for profit under the General Corporation Act of the state of Ohio, for the purpose of establishing, maintaining and operating a nonprofit hospital service plan, whereby hospital care may be provided by a non-profit hospital, or by a group of such hospitals, with which such corporation has a contract for such purpose, to such of
 
 *55
 
 the public as become subscribers to said plan under a contract which entitles each subscriber to hospital care, shall be governed by this act, and such corporation, and the hospital or hospitals so contracting with such corporation, shall be exempt from all other provisions of the insurance laws of - this state, unless otherwise specifically provided herein.”
 

 Section 669-3, General Code, provides: “Every corporation subject to the provisions of this act shall pay to the Superintendent of Insurance, upon the filing of its application for a certificate of authority or license, a fee of two hundred fifty dollars, and thereafter on the first day of March of each year, a fee equal to one-tenth of one cent ($.001) for each contract issued by such corporation and then outstanding.”
 

 Section 669-13, General Code, provides: ‘ ‘ Every corporation subject to the provisions of this act is hereby declared to be a charitable and benevolent institution, and its funds and property shall be exempt from taxation.”
 

 The Court of Appeals found that the contracts written by the plaintiff amounted substantially to contracts of insurance, relying on
 
 State, ex rel. Duffy, Atty. Genl.,
 
 v.
 
 Western Auto Supply Co.,
 
 134 Ohio St., 163, 16 N. E. (2d), 256, 119 A. L. R., 1236;
 
 State, ex rel. Herbert, Atty. Genl.,
 
 v.
 
 Standard Oil Co.,
 
 138 Ohio St., 376, 35 N. E. (2d), 437. With that conclusion we are in complete accord.
 

 Being a company engaged in business substantially amounting to insurance, is it exempt from this franchise tax, assessable against insurance companies? The state has the undoubted authority to determine the manner in which domestic corporations shall be taxed and, if it chooses, it may relieve some corporations from certain taxes which corporations of a different character are required to pay, or substitute a different form of taxation, provided, however, such method of
 
 *56
 
 taxation is in accordance with the provisions of the Constitution.
 
 State, ex rel. Struble,
 
 v.
 
 Davis et al., Tax Comm.,
 
 132 Ohio St., 555, 9 N. E. (2d), 684.
 

 An examination of these statutes discloses that the General Assembly has determined that these corporations shall be taxed in the specific manner provided by Section 669-3, General Code. The Court of Appeals found that the corporation has complied with these statutory requirements and paid taxes thereby imposed. Construing” Section 669-3, General Code, in
 
 pari materia
 
 with Section 669-13, General Code, leads to the inevitable conclusion that the taxes levied under Section 669-3, General Code, are to the exclusion of other taxes, insofar as constitutionally permissible. The state has broad power and discretion in the levy of excise taxes.
 
 Calerdine, a Taxpayer,
 
 v.
 
 Freiberg, Treas.,
 
 129 Ohio St., 453, 457, 195 N. E., 854.
 

 It follows, therefore, that the plaintiff is not subject to the franchise tax levied on other domestic insurance companies. The judgment of the Court of Appeals is accordingly affirmed.
 

 Judgment affirmed.
 

 WeygandT, C. J., Hart, Zimmerman, Williams and Turner, JJ., concur.
 

 Bell, J., not participating.