MR. JUSTICE MORRISON
dissenting:
*467 I respectfully dissent.
With respect to the trial court’s instructions No. 17 and 19, wherein the jury was instructed with respect to provisions of the Montana insurance code, the majority opinion frames the issue as follows: “Are health service corporations subject to the insurance code?” The majority concludes that Blue Cross is, as a health insurance corporation, not subject to the Montana insurance code.
I believe that the issue has been misstated. The issue is: “Is Blue Cross a health service corporation?”
Health service corporations are specifically exempt from the insurance code to the extent that their operations are authorized by statute. It should be noted parenthetically that Blue Cross failed to offer evidence showing it was engaging in statutorily authorized “health service” operations. Under the evidence in the record, the exemption for such organizations was not shown to apply. However, I feel we must not avoid the issue on this basis, but rather we should determine whether Blue Cross is, in fact, a “health service corporation” or whether it is an insurance company.
The court’s instruction No. 17 provided:
“You are instructed that a section of Montana law known as Montana Insurance Code requires that each group health insurance policy shall contain in substance the following provision:
‘“A provision that the insurer will furnish to the policyholder for delivery to each employee or member of the insured group, a statement in summary form of the essential features of the insurance coverage of such employee or member and to whom benefits thereunder are payable. If dependents are included in the coverage, only one certificate need be issued to each family unit.’
“If you find that Blue Cross of Montana violated this provision of Montana law by not including the provision in the policy of insurance issued to Richard and June Weber, no essential feature of insurance coverage not contained in a written statement delivered to a member of the Weber family may be enforced against Richard and June Weber.” The court’s instruction No. 19 provided:
*468 “You are instructed that a section of Montana law known as the Montana Insurance Code requires that each group health insurance policy shall contain in substance the following provision:
‘“A provision that, in the absence of fraud, all statements made by applicants or the policyholder or by an insured person shall be deemed representations and not warranties, and that no statement made for the purpose of effecting insurance shall avoid such insurance or reduce benefits unless contained in a written instrument signed by the policyholder or the insured person, a copy of which has been furnished to such policyholder or to such person or his beneficiary.’”
If Blue Cross is an insurance company then instructions Nos. 17 and 19, quoted above, were proper instructions to be given in this case. Facts bearing upon this question are contained in the record. Section A-I of the Blue Cross policy states the various services available to subscribers at “member” hospitals. However, paragraph A-II states that Blue Cross will provide payment of 100% of the charges at any hospital which is registered with the American Medical Association or listed by the American Hospital Association. A subscriber is entitled to be “indemnified” for any licensed hospital charges that the member should incur in any licensed hospital in the country. Section B of the policy provides for direct reimbursement to the subscriber for medical and surgical expenses. Section C of the policy provides for direct payment to the subscriber under a supplemental benefit plan. Section D of the policy provides for direct reimbursement under a major medical provision.
The subject of “indemnity” and its relationship to determination of insurance carrier status was discussed by the California Supreme Court in People v. California Mutual Association (1968), 68 Cal.Rptr. 585, 441 P.2d 97. In that case, California Mutual was a non-profit, unincorporated association. Its stated purpose was to make payments in limited amounts for medical and hospital services rendered to its members using funds derived from periodic dues. Subscribing members were primarily enlisted from labor unions. There were approximately 1,500 members.
*469 The question presented to the California court was whether California Mutual Association was an “insurer” or a “health care service plan”. In resolving this issue, the California Supreme Court said:
“. . . We, therefore, conclude that where indemnity is a significant financial proportion of the business, the organization must be classified as an ‘insurer’ for the purposes of the Knox-Mills Plan Act. The principle object and purpose test as enunciated in the California Physicians Service case does not provide for adequate financial security.”
Prior to this 1968 decision, California determined whether a provider was a health service organization or an insurance company on the basis of “the principle object and purpose” of the corporation or association. In People v. California Mutual Association, this test was rejected and the Supreme Court determined that the insurance code governed if indemnity was a significant feature of the business.
Under either California test Blue Cross would be classified as an insurance company. Blue Cross makes payments directly to its policyholders, rather than making them to a member health care provider. This is, of course, indemnification. Indemnity is not only a significant proportion of the business, but it is the principle business of Blue Cross.
The more restrictive rule previously existing in California, that being the “primary purpose” rule, has been adopted and followed in a number of cases. For example, see Cleveland Hospital Service Association v. Ebright (Ohio 1953), 45 N.E.2d 157, aff. 49 N.E.2d 929; Associated Hospital Service v. Mahoney (1965), 161 Me. 391, 213 A.2d 712; Michigan Hospital Service v. Sharp (1954), 339d Mich. 356, 63 N.W.2d 638, 43 A.L.R.2d 1167; Shapira v. United States Medical Services (1965), 15 N.Y.2d 200, 205 N.E.2d 293; State ex rel. Fishback v. Universal Service Agency (1915), 87 Wash. 413, 151 P. 768.
The undisputed evidence in this record shows that Blue Cross indemnifies its policyholders as a “primary” function of its business. Blue Cross, as it operates in Montana, is an insurance company whether we apply the “significant” test of *470 California or whether we apply the “primary” test of other jurisdictions.
Instructions Nos. 17 and 19, set forth above, were properly given in this case.
I also dissent from Section IV. Other Insurance Claims, of the majority opinion. The quotation from Appleman’s Insurance Law and Practice is not applicable. The authority cited in the majority opinion relates to the measure of damages for a wrongful breach of insurance contract. The issue in this case is whether the trial court erred in refusing to admit evidence of a collateral source where such evidence might be relevant to a determination of emotional distress suffered by the plaintiffs. The defendant contends that this otherwise inadmissible collateral source evidence should be admitted because, since the medical bills were paid by other insurance, the plaintiffs did not suffer the mental and emotional distress claimed. This is a close question.
The trial court was faced with a situation where the fact of plaintiffs’ medical bills being paid by another insurance carrier was a collateral source and under our rules of evidence not admissible. On the other hand, such payment may have been relevant to a determination of whether the plaintiffs in fact suffered the degree of mental and emotional distress claimed. The trial court made a determination that the prejudicial effect of admission outweighed any probative value the evidence had. I would affirm this discretionary ruling on the part of the trial court.
The majority admonishes the trial court to not receive evidence concerning the purchase and sale by Blue Cross of the Rainbow Hotel in Great Falls, Montana. This is consistent with the majority’s holding that, as a matter of law, Blue Cross is a health service organization. In my view, Blue Cross, as a matter of law, is an insurance company. However, if the status of Blue Cross were to be determined a jury issue, its dealing in real estate would be relevant to a determination of whether, in fact, Blue Cross was a “health service organization”. The evidence is overwhelming, including the evidence of its real estate dealing, that Blue Cross operated as an insurance company and not as a “health service organization”.
*471 I would affirm the plaintiffs’ judgment.